## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**DAYANA AGUIAR,**
**individually and on behalf of all**
**others similarly situated,**

        **Plaintiff(s),**                            **Case No.: 0:20-CV-60198-RAR**

**v.**

**M.J. PETER & ASSOC., INC.,**
**a Florida corporation;**
**M.J. PETER CLUB MANAGEMENT,**
**INC., a Florida corporation; MRG OF**
**SOUTH FLORIDA, INC. d/b/a**
**SOLID GOLD GENTLEMEN'S CLUB,**
**a Florida Limited Liability Company;**
**BEE LINE ENTERTAINMENT PARTNERS,**
**LLC d/b/a SOLID GOLD GENTLEMEN'S CLUB,**
**a Florida Limited Liability Company;**
**1350 FOOD & BEVERAGE, LLC d/b/a**
**SOLID GOLD GENTLEMEN'S CLUB,**
**a Florida Limited Liability Company;**
**MICHAEL J. PETER, an individual**
**and DOES 1-10,  inclusive,**

        **Defendants.**

_____/

## DEFENDANTS, BEE LINE ENTERTAINMENT PARTNERS', LLC AND 1350 FOOD & BEVERAGE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT, COLLECTIVE ACTION AND JURY DEMAND

        Defendants, BEE LINE ENTERTAINMENT PARTNERS, LLC, a Florida Limited

Liability Company; 1350 FOOD & BEVERAGE, LLC, a Florida Limited Liability Company  by

and through the undersigned counsel, and, hereby files this Answer and Affirmative Defenses to

the Plaintiffs' Complaint, and would state as follows:

## I. NATURE OF THE ACTION

1.     Denied.

2.     Denied.

3.     Denied.

4.     Denied.

5.     Denied.

6.     Denied.

7.     Denied that this action is appropriate for administration as a "collective action," or that any "Class" is appropriate for certification.

8.     Denied.

## II. PARTİES

9.     Denied.

10.    Denied.

11.    Denied

12.    Denied.

13.    Denied.

14.    Denied.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.   Denied.

22.   Denied.

23.   Denied.

24.   Denied.

25.   Denied.

26.   Denied.

### III. Venue and Jurisdiction

27.   Admitted that the Court has jurisdiction over disputes under 28 U.S.C. Sec. 1331, denied that the facts of this dispute warrant exercise of said jurisdiction.

28.   Admitted.

### IV. ALLEGATIOINS COMMON TO ALL CAUSES OF ACTION

29.   Denied.

30.   Denied.

31.   Denied.

32.   Denied.

33.   Unknown, therefore denied.

34.   Denied.

35.   Denied.

36.   Denied.

37.   Denied.

38.   Denied.

39.   Denied.

40.   Denied.

41.   Denied.

42.   Denied.

43.   Denied.

44.   Denied.

45.   Denied.

46.   Denied.

47.   Denied.

48.   Denied.

49.   Denied.

50.   Denied.

51.   Denied.

52.   Denied.

53.   Denied.

54.   Denied.

55.   Denied.

56.   Denied.

57.   Denied.

58.   Denied.

59.   Denied.

60.   Denied.

61.   Denied.

62.   Denied.

63.   Denied.

64.   Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Unknown, therefore Denied.

82.    Denied.

83.    Denied; subsequently A-J are denied.

84.    Denied.

85.    Statutes and Case law speaks for itself, otherwise denied that it has any applicability to the facts of this case.

86.   Statutes and Case law speaks for itself, otherwise denied that it has any

applicability to the facts of this case.

87.   Denied.

88.   Denied.

V.      **COLLECTIVE ACTION ALLEGATIONS**

89.     Admitted that 29 U.S.C. Sec. 203(s)(1) speaks for itself, otherwise denied that it

has any applicability to the facts of this case.

90.   Denied.

91.   Denied.

92.   Denied.

93.   Denied.

94.   Denied.

95.   Denied.

96.   Denied.

97.   Denied.

98.   Denied.

99.   Denied.

100.  Denied.

101.  Denied.

102.  Denied.

103.  Denied.

104.  Unknown, therefore denied.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

*Failure to Pay Minimum Wage Pursuant, 29 U.S.C. § 206*

105. Denied.

106. Denied.

107. Admitted that 29 U.S.C. Sec. 203(s)(1) speaks for itself, otherwise denied that it

has any applicability to the facts of this case.

108. Denied in that every performer received compensation well in excess of minimum wage for all relevant conduct.

109. Denied in that every performer received compensation well in excess of minimum wage for all relevant conduct.

110. Denied in that every performer received compensation well in excess of minimum wage for all relevant conduct.

111. Denied.

### SECOND CAUSE OF ACTION

*Failure to Pay Overtime Wages Pursuant to FLSA, 29 U.S.C. § 207*

112. Denied.

113. Admitted that 29 U.S.C. Sec. 203(d) speaks for itself, otherwise denied that it has

any applicability to the facts of this case.

114. Denied.

115. Admitted that 29 U.S.C. Sec. 203(s)(1) speaks for itself, otherwise denied that it

has any applicability to the facts of this case.

116. Denied.

117. Denied.

118. Denied.

119.   Denied.

## THIRD CAUSE OF ACTION
Illegal Kickbacks, 29 C.F.R. *§ 531.35*

120.   Denied.

121.   Denied.

122.   Denied.

123.   Denied.

124.   Denied.

125.   Denied.

## FOURTH CAUSE OF ACTION
Unlawful Taking of Tips in Violation of the FLSA, 29 U.S.C. *§203*

126.   Denied.

127.   Denied.

128.   Denied.

129.   Denied.

130.   Admitted that 29 U.S.C. *§* 203(s)(1) speaks for itself, otherwise denied that it has

any applicability to the facts of this case.

131.   Admitted that 29 U.S.C. *§* 203 speaks for itself, otherwise denied that it has any

applicability to the facts of this case.

132.   Denied.

133.   Denied.

134.   Denied.

135.   Denied.

136.   Denied.

137.   Denied.

138.   Denied.

139.   Denied.

140.   Denied.

## **JURY DEMAND**

141.   Defendants concur with Plaintiffs and request a jury trial on all issues so triable.

## **PRAYER**

142.   For the responses set forth above, Defendants respectfully request that the Court enter judgment in favor of Defendants and deny any relief request by Plaintiffs.

## **AFFRIMATIVE DEFENSES**

1. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant.

2. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action, to the extent that Plaintiffs failed to exhaust any mandatory contractual remedies, including, but not limited to, any applicable arbitration procedures included in any applicable contract signed by any relevant Plaintiff.

3. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant, because the Federal Arbitration Act does not authorize class-action arbitration the absence of an agreement authorizing class-wide arbitration.

4. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant, and is barred because the Plaintiffs and any putative class members who performed as exotic dance entertainers at any of the Defendant/s respective Clubs and business establishments entered into an agreement with each individual Defendant, and agreed that the business relationship between any individual Defendant and any individual performer was not that of "employee – employer." At no time was any plaintiff for any putative class member and "employee" of any Defendant for any purpose.

5. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant, and is barred because every Plaintiff, and Every Putative Class Member, Performed As an Exotic Dancer Entertainer at Any Respective Defendants Club or business premises, and did so as a tenant, lessee, and licensee, and is therefore precluded from invoking the provisions of the FLSA.

6. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant, and is barred because Plaintiff has standing to maintain this action.

7. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant, and is barred because every respective Plaintiff, as well as any putative class member asserting the same facts as any Plaintiff, is breaching one or more contracts with any relevant Defendant.

8. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant, and is barred because every respective Plaintiff, as

well as any putative class member asserting the same facts as any Plaintiff, is based on fraud in the inducement.

9. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant, and is barred because every respective Plaintiff, as well as any putative class member asserting the same facts as any Plaintiff, would be unjustly enriched by the granting or award of any of the requested relief.

10. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant, and is barred because every respective Plaintiff, as well as any putative class member asserting the same facts as any Plaintiff, are based on intentional misrepresentations.

11. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant, and is barred because every respective Plaintiff, as well as any putative class member asserting the same facts as any Plaintiff, delayed making any complaint or asked to be an "employee," thus the action is barred by laches.

12. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant, and is barred because every respective Plaintiff, as well as any putative class member asserting the same facts as any Plaintiff, would be precluded from relief on the basis of judicial and equitable estoppel.

13. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant, and is barred because every respective Plaintiff, as well as any putative class member asserting the same facts as any Plaintiff, would be precluded from relief on the basis of Defendants detrimental reliance on the Plaintiffs'

choice and demand, in word and in deed, NOT to be treated or characterized as an "employee."

14. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant, and is barred because every respective Plaintiff, as well as any putative class member asserting the same facts as any Plaintiff, would be precluded from relief on the basis of the "unclean hands" doctrine, and the violation of the implied covenant of good faith and fair dealing.

15. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant, and is barred because every respective Plaintiff, as well as any putative class member asserting the same facts as any Plaintiff, would be precluded from relief on the basis that no Plaintiff used reasonable care to avoid or mitigate any actual or implied damages.

16. Plaintiffs' Complaint, and each and every cause of action set forth herein, fails to state a cause of action against any Defendant, and is barred because every respective Plaintiff, as well as any putative class member asserting the same facts as any Plaintiff, would be precluded from relief on the basis that all rights to recovery have been waived.

17. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant, and is barred because every respective Plaintiff, as well as any putative class member asserting the same facts as any Plaintiff, would be barred by any applicable statute of limitations.

18. Plaintiffs damages, to the extent they exist at all, as well as any putative class member asserting the same facts as any Plaintiff, would be subject to set-offs, credits and deductions.

19. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant, and is barred because every respective Plaintiff, as well as any putative class member asserting the same facts as any Plaintiff, would be barred by any applicable statute of frauds.

20. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant, and is barred because every respective Plaintiff, as well as any putative class member asserting the same facts as any Plaintiff, would be barred because no Defendant was an "employer," "joint employer," or part of any "enterprise" upon which to base relief.

21. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant, and is barred because every respective Plaintiff, as well as any putative class member asserting the same facts as any Plaintiff, would be barred by the doctrine of accord and satisfaction.

22. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant, and is barred because every respective Plaintiff, as well as any putative class member asserting the same facts as any Plaintiff, would be barred by the doctrine of release.

23. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant, and is barred because every respective Plaintiff, as well as any putative class member asserting the same facts as any Plaintiff, would be barred by the doctrine of the economic loss rule and prior payment.

24. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant, and is barred because every respective Plaintiff, as

well as any putative class member asserting the same facts as any Plaintiff, would be barred by the doctrine of collateral estoppel.

25. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant, and is barred because every respective Plaintiff, as well as any putative class member asserting the same facts as any Plaintiff, would be barred by the doctrine of avoidable consequences.

26. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant, and is barred because every respective Plaintiff, as well as any putative class member asserting the same facts as any Plaintiff, would be barred due to the lack of any employment relationship between any Plaintiff and any Defendant.

27. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant, and is barred because every respective Plaintiff, as well as any putative class member asserting the same facts as any Plaintiff, would be barred by the "artistic professions" exception.

28. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant, and is barred because every respective Plaintiff, as well as any putative class member asserting the same facts as any Plaintiff, would be barred because monies collected from the sales of dance performances were not "tips" or "gratuities."

29. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant, and is barred because every respective Plaintiff, as well as any putative class member asserting the same facts as any Plaintiff, would be barred

because only those monies over and above the amount collected from the sales of dance performances would be "tips" or "gratuities."

30. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant, and is barred because every respective Plaintiff, as well as any putative class member asserting the same facts as any Plaintiff, would be barred because they can send it to or requested the business relationship and allege conduct of any Defendant and accepted the benefit of the non-employee status without complaint during the time that she or they may have performed any services deemed for the benefit of any Defendant.

31. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant, and is barred because every respective Plaintiff, as well as any putative class member asserting the same facts as any Plaintiff, would be barred because ALL Defendants acted in good faith at all times.

32. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant, and is barred because every respective Plaintiff, as well as any putative class member asserting the same facts as any Plaintiff, would be barred on the basis of the doctrine of waiver and estoppel based on the Plaintiffs' course of conduct.

33. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant, and is barred because every respective Plaintiff, as well as any putative class member asserting the same facts as any Plaintiff, would be barred

because every performer earned more than, substantially more than, any applicable "minimum wage."

34. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant, and is barred because every respective Plaintiff, as well as any putative class member asserting the same facts as any Plaintiff, would be barred because the FLSA does not apply to licensees, less ease, or independent contractors who work for their own advantage on the premises of another, were not denied the minimum standard of living, and did not perform under an arrangement which threatened fair competition.

35. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant, and is barred because every respective Plaintiff, as well as any putative class member asserting the same facts as any Plaintiff, would be barred because no Plaintiff ever conformed to the obligations or limitations of employees.

36. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant, and is barred because every respective Plaintiff, as well as any putative class member asserting the same facts as any Plaintiff, would be barred because there is a complete absence of any negligence or willful misconduct on the part of any Defendant.

37. The Plaintiffs' request for treatment as an FLSA collective action should be barred due to confusion, irreconcilable conflict, lack of manageability, and prejudice to putative class members and all Defendants.

38. Plaintiffs are barred from obtaining legitimate certification of any class or collective action under the complaint due to the lack of any ascertainable, identifiable class.

39. Plaintiffs are barred from obtaining legitimate certification of any class or collective action under the complaint due to the absence of any commonality of interest.

40. Plaintiffs are barred from obtaining legitimate certification of any class or collective action under the complaint due to the fact that such administration would absolutely not be the superior method of adjudicating any applicable dispute.

41. Plaintiffs are barred from obtaining legitimate certification of any class or collective action under the complaint due to the inadequacy of Plaintiffs as representatives of any putative class.

42. Plaintiffs are barred from obtaining legitimate certification of any class or collective action under the complaint due to the fact that the Plaintiffs, all of whom are alleged to have engaged in some type of unlawful activity, would be inadequate to be representatives of any putative class.

43. Plaintiffs are barred from obtaining legitimate certification of any class or collective action under the complaint due to the fact that the Plaintiffs, all of whom are alleged to have engaged in some type of unlawful activity, are not typical of any performer, none of which desire to be classified as "employees," nor engage in unlawful activity.

44. Plaintiffs are barred from obtaining legitimate certification of any class or collective action under the complaint due to the fact that any certification would result in insurmountable management problems.

45. Plaintiffs are barred from obtaining legitimate certification of any class or collective action under the complaint due to the fact that there is an absence of common questions of law or fact and/or the absence of similarly situated putative class members.

46. Plaintiffs are barred from obtaining legitimate certification of any class or collective action under the complaint due to the fact that there are substantial numbers, if not the majority of putative class members, antagonistic to the class.

47. Plaintiffs are barred from obtaining legitimate certification of any class or collective action under the complaint due to the fact that class treatment would not benefit the Court or the parties.

48. Plaintiffs are barred from obtaining legitimate certification of any class or collective action under the complaint due to the fact that common questions of fact do not predominate.

49. Plaintiffs are barred from obtaining legitimate certification of any class or collective action under the complaint due to the fact that any actual damages would be unique, individualized, and nominal.

50. Plaintiffs are barred from obtaining legitimate certification of any class or collective action under the complaint due to the fact that the individual Plaintiffs' proofs would be individualized.

51. Plaintiffs are barred from obtaining legitimate certification of any class or collective action under the complaint due to the fact that it would cause confusion, irreconcilable conflict, lack of manageability, and prejudice to putative class members and Defendants.

52. Plaintiffs are barred from obtaining legitimate certification of any class or collective action under the complaint due to the fact that the Court lacks subject matter jurisdiction.

53. Plaintiffs are barred from obtaining legitimate certification of any class or collective action under the complaint due to the fact that there is a lack of any legitimate case or controversy.

54. Plaintiffs' Complaint, and each and every cause of action set forth therein, fails to state a cause of action against any Defendant, and is barred because every respective Plaintiff, as

well as any putative class member asserting the same facts as any Plaintiff, is subject to the doctrine of *in pari delicto*.

55. Defendants reserve the right to supplement these affirmative defenses as they may become known through discovery or the administration of this case.

Dated: June 8, 2020          Respectfully Submitted,

/s/ Luke Lirot
Luke Lirot, Esq.
Florida Bar Number 714836
Sean Colon, Esq.
Florida Bar Number 1010686
LUKE CHARLES LIROT, P.A.
2240 Belleair Road, Suite 190
Clearwater, Florida 33764
Telephone: (727) 536-2100
Facsimile:  (727) 536-2110
luke2@lirotlaw.com (primary e-mail)
krista@lirotlaw.com (secondary e-mail)
sean@lirotlaw.com (secondary e-mail)

*Attorneys for the Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 8, 2020, I electronically filed the foregoing with the Clerk of the Court by using the e-filing system to

/s/ Luke Lirot, Esq.
Luke C. Lirot, Esq.