UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DAYANA AGUIAR,
individually and on behalf of all
others similarly situated,

    Plaintiff(s),                        Case No.: 0:20-CV-60198-RAR

v.

M.J. PETER & ASSOC., INC.,
a Florida corporation;
M.J. PETER CLUB MANAGEMENT,
INC., a Florida corporation; MRG OF
SOUTH FLORIDA, INC. d/b/a
SOLID GOLD GENTLEMEN'S CLUB,
a Florida Limited Liability Company;
BEE LINE ENTERTAINMENT PARTNERS,
LLC d/b/a SOLID GOLD GENTLEMEN'S CLUB,
a Florida Limited Liability Company;
1350 FOOD & BEVERAGE, LLC d/b/a
SOLID GOLD GENTLEMEN'S CLUB,
a Florida Limited Liability Company;
MICHAEL J. PETER, an individual
and DOES 1-10, inclusive,

    Defendants.

_____/

## DEFENDANTS, M.J. PETER & ASSOC., INC.'S; M.J. PETER CLUB MANAGEMENT, INC.'S, MRG OF SOUTH FLORIDA, INC., d/b/a SOLID GOLD GENTLEMEN'S CLUB'S, and MICHAEL J PETER'S AMENDED MOTION TO DISMISS WITH INCORPORATED MEMORANDUM OF LAW

Pursuant to Rule 12(b), Federal Rules of Civil Procedure, and Local Rule 7.1, Defendants, M.J. PETER & ASSOC., INC., a Florida corporation; M.J. PETER CLUB MANAGEMENT, INC., a Florida corporation; MRG OF SOUTH FLORIDA, INC. d/b/a SOLID GOLD GENTLEMEN'S CLUB, a Florida Limited Liability Company; and MICHAEL J PETER, an individual collectively ("DEFENDANTS HEREIN"), by and through his undersigned counsel,

respectfully moves to dismiss the operative Complaint in this action, submitted as a timely responsive pleading, and would state as follows:

## I.    INTRODUCTION

1. This action involves a Complaint which asserts a variety of claims on behalf of "DANYA AGUIAR and those Similarly Situated" (hereinafter "Plaintiffs"), against all Defendants. The Complaint casts a number of aspersions on purported activities taking place at the Corporate Defendants' place of business, a "gentlemen's club," and alleges that the Club violated the "rights" of Plaintiffs by allegedly violating the Fair Labor Standards Act in a variety of ways.

2. The Complaint describes the Plaintiffs, as 'independent contractors' and 'employees' who were miscategorized and that Plaintiffs were not properly paid minimum wages and overtime." **Count I**-Failure to Pay Minimum Wages, 29 U.S.C. *§ 206;* Against all Defendants; **Count II**-Failure to Pay Overtime Wages, 29 U.S.C. *§ 207* against all Defendants; **Count III**- Illegal Kickback, 29 C.F.R. *§531.35* against All Defendants; **Count IV**- Unlawful Taking of Tips, 29 U.S.C. *§ 203* against all Defendants.

3. An Answer and Affirmative Defenses has been filed on behalf of BEE LINE ENTERTAINMENT PARTNERS, LLC d/b/a SOLID GOLD GENTLEMEN'S CLUB, a Florida Limited Liability Company; and 1350 FOOD & BEVERAGE, LLC d/b/a, SOLID GOLD GENTLEMEN'S CLUB, the only active entities with any direct relationship to the "Solid Gold" in Pompano Beach where the Plaintiff alleges she performed. (ECF Doc. 38).

4. In addition to naming MRG OF SOUTH FLORIDA, INC., d/b/a SOLID GOLD GENTLEMEN'S CLUB, a Florida Corporation, as the "Corporate Defendant," also specifically named M.J. PETER & ASSOC., INC., a Florida corporation; M.J. PETER CLUB MANAGEMENT, INC., a Florida corporation, and MICHAEL J PETER, an

individual, all of which have no connection to the management or day-to-day operation of SOLID GOLD.

5. Plaintiff's allegations state that DEFENDANTS' principal place of business is located at 1350 SW 2nd Street, Pompano Beach, Florida 33069.

6. Defendants, M.J. PETER & ASSOC., INC., a Florida corporation; M.J. PETER CLUB MANAGEMENT, INC., a Florida corporation; nor MRG OF SOUTH FLORIDA, INC. d/b/a SOLID GOLD GENTLEMEN'S CLUB, a Florida Limited Liability Company are located at 1350 SW 2nd Street, Pompano Beach, Florida 33069, nor do they have any association with the Pompano Beach facility involved in this case. (See Exhibit A- Sunbiz Corporate Business Reports).

7. Plaintiff has stated that the decision to include PETER was based on publicly available records, and upon information and belief that PETER, as an individual, "was/is one of the main manager(s)/owner(s) who executed the policies regarding dancers and management of dancers." While PETER has long been associated with the SOLID GOLD name over the last 40 years, he has no day-to-day operational responsibilities at this point, and simply licenses and/or invests in the remaining SOLID GOLD facilities.

8. M.J. PETER & ASSOC., INC., a Florida corporation, and M.J. PETER CLUB MANAGEMENT, INC., a Florida corporation, do not operate any clubs, and do not have any association with the SOLID GOLD in Pompano Beach.

9. Plaintiff fails to allege a basis or provide documentation which would substantiate the decision to include the unrelated corporate Defendants, which, for MRG OF SOUTH FLORIDA, INC. d/b/a SOLID GOLD GENTLEMEN'S CLUB, a Florida Limited Liability Company was the owner of the SOLID GOLD in Oakland Park, may be

understandable, however this entity, the SOLID GOLD in Oakland Oak, was closed 4 years ago, the former location of which is now a vacant lot, awaiting construction as a mixed use development. This entity has no association, whatsoever, with the SOLID GOLD in Pompano Beach.

10. There are no publicly available records or documents to establish a connection between the Plaintiff and any Defendants other than BEE LINE ENTERTAINMENT PARTNERS, LLC d/b/a SOLID GOLD GENTLEMEN'S CLUB, a Florida Limited Liability Company; and 1350 FOOD & BEVERAGE, LLC d/b/a, SOLID GOLD GENTLEMEN'S CLUB, the only active entities with any direct relationship to the "Solid Gold" in Pompano Beach where the Plaintiff alleges she performed.

11. Plaintiffs' allegations are on the belief that Defendants other than BEE LINE ENTERTAINMENT PARTNERS, LLC d/b/a SOLID GOLD GENTLEMEN'S CLUB, a Florida Limited Liability Company; and 1350 FOOD & BEVERAGE, LLC d/b/a, SOLID GOLD GENTLEMEN'S CLUB, are involved, presumably based on the similarity of their fictitious names.

12. This is not a valid basis to substantiate the allegations against the remaining corporate and PETER, the individual Defendant

13. At no time did any other Defendant, other than BEE LINE ENTERTAINMENT PARTNERS, LLC, a Florida Limited Liability Company or 1350 FOOD & BEVERAGE, LLC, a Florida Limited Liability Company, have any association with decisions relating to the subject property's procedures, policies, payroll, hiring, and/or management of day to day operations such as those detailed in the Complaint.

14. As a result, there are no factors to support this premature effort to "pierce the corporate veil," and to name PETER as an individual Defendant is simply improper.

15. Therefore, Defendants herein respectfully move this Court to dismiss the Complaint in its entirety against DEFENDANTS HEREIN, M.J. PETER & ASSOC., INC., a Florida corporation; M.J. PETER CLUB MANAGEMENT, INC., a Florida corporation; MRG OF SOUTH FLORIDA, INC. d/b/a SOLID GOLD GENTLEMEN'S CLUB, a Florida Limited Liability Company, and MICHAEL J PETER, as Plaintiff fails to state a cause of action against these unrelated corporate entities and individual Defendant.

## II. ARGUMENT AND AUTHORITY FOR GRANTING THE MOTION TO DISMISS

### A. NO NEXUS EXISTS TO CREATE LIABILITY TO M.J. PETER & ASSOC., INC., A FLORIDA CORPORATION; M.J. PETER CLUB MANAGEMENT, INC., A FLORIDA CORPORATION; MRG OF SOUTH FLORIDA, INC. D/B/A SOLID GOLD GENTLEMEN'S CLUB

Rule 12(b)(6), Federal Rules of Civil Procedure, provides that a defendant may file a motion to dismiss against a plaintiff's complaint for "failure to state a claim upon which relief can be granted." A joint employment relationship exists "where a single individual stands in the relation of an employee to two or more persons at the same time." *Quezada v. Sante Shipping Lines, Inc., Case No. 11-23246-Civ-ZLOCH/TORRES, *12-13* (S.D. Fla. 2013) citing *Gonzalez-Sanchez v. Int'l Paper Co.,* 346 F.3d 1017, 1020 (11th Cir. 2003). Plaintiffs alleged there is a joint employer relationship, without the support or substantiation of a contract, employment agreement or public records showing some nexus between DEFENDANTS HEREIN and BEE LINE ENTERTAINMENT PARTNERS, LLC d/b/a SOLID GOLD GENTLEMEN'S CLUB, a Florida Limited Liability Company or 1350 FOOD & BEVERAGE, LLC d/b/a SOLID GOLD

GENTLEMEN'S CLUB, a Florida Limited Liability Company. DEFENDANTS have attached corporate records, see Exhibit "A," which are available publicly, on www.sunbiz.org.

"Under the FLSA, 'a worker can be economically dependent on, and thus jointly employed by, more than one entity at the same time.'" Id. citing *Gonzalez-Sanchez v. Int'l Paper Co.,* 346 F.3d 1017, 1021 (11th Cir. 2003). In determining whether a joint employment relationship exists courts consider the following factors: (1) the nature and degree of the putative employer's control of the workers; (2) the degree of supervision, direct or indirect, of the work; (3) the right, directly or indirectly, to hire, fire or modify the worker's employment conditions; (4) the power to determine the worker's pay rates or methods of payment; (5) the preparation of payroll and payment of worker's wages; (6) the ownership of the facilities where the work occurs; (7) whether the worker performed a line job integral to the end product; and (8) the relative investment in equipment and facilities. *Id.* citing *Antenor v. D&S Farms*, 88 F.3d 925, 932 (11th Cir. 1996).

DEFEDNANTS HEREIN do meet any of the factors assesses by the court in making a joint employer relationship analysis. DEFENDANTS HEREIN maintain no control, no ownership nor any possession of the property alleged in the operative Complaint. Additionally, DEFENDANTS HEREIN provided no supervision, directly or indirectly, they did not create or enforce any policies or procedures. DEFENDANTS HEREIN had absolutely no ability and no discretion as to what individuals would be hired, fired, or retained to perform inside the club and DEFENDANTS HEREIN did have any power or responsibility to modify status of employment or any conditions of the Club. DEFENDANTS HEREIN had no control, responsibility or power in determining any aspect of the Club, including but not limited to payroll, wages, hours, scheduling, method of payment or preparation of pay. DEFENDANTS HEREIN additionally have no ownership or interest in ownership in the subject property. PLAINTIFF did not perform or

"work," in any way that was connected to DEFENDANTS HEREIN, or do anything integral to the end product for DEFENDANTS HEREIN; and DEFENDANTS HEREIN have no relative investment in equipment and facilities, or any connection to, the SOLID GOLD in Pompano Beach

To make these determinations, the Court must ""look beyond formalistic corporate separation to the actual pragmatic operation and control, whether unified or, instead, separate as to each unit."""" *Id* citing *Cornell v. CF Ctr.*, LLC, 410 F. App'x 265, 267 (11th Cir. 2001) (quoting *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 970 (5th Cir. 1984)). "The relevant inquiry for the Court, then, is a flexible one, but the Court must find the evidence demonstrates that the two businesses at issue (1) performed related activities, (2) through a unified operation or common control, and (3) for a common business purpose." *Id*. See, e.g., *Donovan v. Easton Land & Dev., Inc.*, 723 F.2d 1549, 1551-53 (11th Cir. 1984). There is no evidence provided, nor any evidence in existence to show a nexus between these entities, performing related activities. DEFENDANTS HEREIN are independent entities which have no connection to the operations and management of BEE LINE ENTERTAINMENT PARTNERS, LLC d/b/a SOLID GOLD GENTLEMEN'S CLUB, a Florida Limited Liability Company or 1350 FOOD & BEVERAGE, LLC d/b/a SOLID GOLD GENTLEMEN'S CLUB, a Florida Limited Liability Company. DEFENDANTS HEREIN have no financial interest, no common control or directive of BEE LINE ENTERTAINMENT PARTNERS, LLC d/b/a SOLID GOLD GENTLEMEN'S CLUB, a Florida Limited Liability Company or 1350 FOOD & BEVERAGE, LLC d/b/a SOLID GOLD GENTLEMEN'S CLUB, a Florida Limited Liability Company.

### B. MICHAEL J. PETER HAS NO CONNECTON WITH THE DAY TO DAY OPERATIONS OF SOLID GOLD IN POMPANO BEACH AND THEREFORE CANNOT BE HELD PERSONALLY LIABLE

Rule 12(b)(6), Federal Rules of Civil Procedure, provides that a defendant may file a motion to dismiss against a plaintiff's complaint for "failure to state a claim upon which relief can be granted." In *Kimmons v. Fertilizer*, Inc. 844 F.Supp. 738, 739, (M.D. Fla. 1994), this Court held that an officer of a corporation would not be held personally liable for an "accident" if he did not personally participate in the events giving rise to the accident, had no knowledge of the working conditions surrounding the accident, and was not present at the facilities at the time. *See Id.; Orlovsky v. Solid Surf, Inc.*, 405 So.2d 1363 (Fla. 4th DCA 1981)(holding that a corporate officer "does not incur personal liability for his torts merely by reason of his official character; he is not liable for torts by and for the corporation unless he has participated in the wrong"); *Id. at 740; Touristmart of America, Inc. v. Gonzalez,* 498 So.2d 469 (Fla. 3d DCA 1986); *Mannish v. Lacayo,* 496 So.2d 242 (Fla. 3d DCA 1986) *See also McElveen v. Peeler,* 544 So.2d 270 (Fla. 1st DCA 1989) (finding personal participation in a tortious act to be a prerequisite for imposing liability upon individual corporate officers and rejecting liability based solely on general administrative responsibility). *Kimmons*, 844 F. Supp. at 740.

Plaintiffs incorrectly named PETER as an individual Defendant because there is no independent basis to include him as a Defendant. PETER simply cannot be shown to have independently acted in any way actionable by the Plaintiff not already subsumed into the action against the Corporate Defendants that have already filed an Answer in this action, thus PETER cannot be held personally liable for the allegations in this Complaint.

"As we have previously stated, whether an individual fits that definition does not depend on technical or isolated factors but rather on the circumstances of the whole activity." *Lamonica v. Safe Hurricane Shutters, Inc.,* 711 F.3d 1299, 1310 (11th Cir. 2013). See also *Alvarez Perez v. Sanford–Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir.2008) (quoting *Hodgson v.*

*Griffin & Brand of McAllen, Inc.*, 471 F.2d 235, 237 (5th Cir.1973)) (internal quotation marks omitted).

"In the typical case, a corporation's officers will exercise more operational control than its directors and therefore be more susceptible to personal liability. However, usual corporate roles are not always observed, and some directors may assume more operational control than some officers. Therefore, a supervisor's title does not in itself establish or preclude his or her liability under the FLSA, and the district court was correct in refusing to instruct the jury to the contrary." Id. In this action, PETER has never assume more operational control than some officers, or anyone in management. As a result, PETER has no actionable connection with the operations of BEE LINE ENTERTAINMENT PARTNERS, a Florida Limited Liability Company or 1350 FOOD & BEVERAGE, LLC, a Florida Limited Liability Company. As a result, PETER cannot be held personally liable, as he possesses no nexus required to determine liability, and should be dismissed firm this action.

## CONCLUSION AND REQUEST FOR RELIEF

For the foregoing reasons, Defendants, M.J. PETER & ASSOC., INC., a Florida corporation; M.J. PETER CLUB MANAGEMENT, INC., a Florida corporation; MRG OF SOUTH FLORIDA, INC. d/b/a SOLID GOLD GENTLEMEN'S CLUB, a Florida Limited Liability Company and MICHAEL J PETER, respectfully move this Court for an Order dismissing the Complaint against them, and for such other relief as the Court deems just and reasonable.

Dated: June 17, 2020                               Respectfully Submitted,

                                                   /s/Luke Lirot
                                                   Luke Lirot, Esq.
                                                   Florida Bar Number 714836
                                                   LUKE CHARLES LIROT, P.A.
                                                   2240 Belleair Road, Suite 190
                                                   Clearwater, Florida 33764

Telephone: (727) 536-2100<br>
Facsimile: (727) 536-2110<br>
*Attorney for the Defendants*<br>
luke2@lirotlaw.com (primary e-mail)<br>
sean@lirotlaw.com (secondary e-mail)<br>
krista@lirotlaw.com (secondary e-mail)

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 17, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties in this case.

/s/Luke Lirot
Luke Lirot, Esquire
Florida Bar Number 714836