**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**Case No.: 20-cv-60198-RAR**

DAYANA AGUIAR,
individually and on behalf of all others similarly situated,

      Plaintiff,

v.

M.J. PETER & ASSOCIATES, INC.,
a Florida Corporation; M.J. PETER CLUB
MANAGEMENT, INC., a Florida Corporation;
MRG OF SOUTH FLORIDA, INC. dba
SOLID GOLD GENTLEMEN'S CLUB,
a Florida Corporation; BEE LINE ENTERTAINMENT
PARTNERS, LLC dba SOLID GOLD GENTLEMEN'S
CLUB, a Florida Limited Liability Company;
1350 FOOD & BEVERAGE LLC dba SOLID GOLD
GENTLEMEN'S CLUB, a Florida Limited Liability Company;
MICHAEL J. PETER, an individual; and
DOES 1 through 10, inclusive,

      Defendants.

_____/

**DEFENDANTS, M.J. PETER & ASSOC., INC., M.J. PETER CLUB MANAGEMENT, INC., MRG OF SOUTH FLORIDA, INC., AND MICHAEL J. PETER REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' AMENDED MOTION TO DISMISS**

Defendants, M.J. PETER & ASSOC., INC., M.J. PETER CLUB MANAGEMENT, INC., MRG OF SOUTH FLORIDA, INC., AND MICHAEL J. PETER'S, herein (collectively, "DEFENDANTS"), by and through their undersigned counsel, and respectfully submit hereby submits their Reply to Plaintiff, Dayana Aguiar's ("Plaintiff") Response in Opposition TO Defendants' Amended Motion to Dismiss, [ECF Doc. 52], and would state as follows:

## **REPLY TO MOTION**

**I. Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the claims pled in a complaint as measured against the pleading standard of Rule 8(a)(2). *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555.127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal,* 556 US 662, 129 S.Ct. 1937, 1949 (2009).

"As the Court held in *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Twombly*, *supra*, at 555(citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' *Id*. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 US 662, 129 S.Ct. 1937, 1949 (2009) citing *Twombly*, *supra*, at 557.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between

possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, 556 US 662, 129 S.Ct. 1937, 1949 (2009) citing *Twombly*, *supra*, at 557.

"Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Twombly*, at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation.)" Rule 8 marks a notable and generous departure from the hyper technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft, supra, at* 1949-1950.

"Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Twombly*, at 556, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). See *Ashcroft, supra,* at 1950.

As shown below, Defendants M.J. PETER & ASSOC., INC., M.J. PETER CLUB MANAGEMENT, INC., MRG OF SOUTH FLORIDA, INC., AND MICHAEL J. PETER'S, herein (collectively, "Moving Defendants") will establish the Plaintiff's has failed to state a claim against the Moving Defendants and as a result no nexus exists creating liability.

**B. Plaintiff's Mere Legal Conclusions Fail to Allege a Cause of Action Which Can Create a Nexus of Liability.**

Plaintiff contends that it is premature to make a determination that no nexus exists between Defendants, M.J. Peter & Associates, Inc., M.J. Peter Club Management, Inc., MRG of South Florida, Inc. and Michael J. Peter and Defendants, Bee Line Entertainment Partners, LLC and 1350 Food & Beverage, LLC establishing liability. The Plaintiff's Complaint [ECF Doc. 1] relies entirely on conclusions of law and provides no factual basis to support the Plaintiff's allegations. "Although for the purposes of a motion to dismiss the court must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation." See *Ashcroft, supra,* at 1950.

Plaintiff fails to allege on what basis Defendants, M.J. Peter & Associates, Inc., M.J. Peter Club Management, Inc., MRG of South Florida, Inc. and Michael J. Peter, ("Moving Defendants") are believed to be in control or possession of the operations or management of the business located at 1350 SW 2nd Street, Pompano Beach, Florida 33069, herein ("subject property"). Plaintiff alleges to have been injured while working at Solid Gold at the subject property, but provides no factual basis for how Moving Defendants could be categorized as a "joint employer," or "employer."

Additionally, Plaintiff contends that public records which establish that Moving Defendants, principal place of business are not located at the subject property are insufficient to establish the lack of a nexus between Moving Defendants and Defendants, BEE LINE ENTERTAINMENT PARTNERS, LLC , a Florida Limited Liability Company; and 1350 FOOD & BEVERAGE, LLC. This is not accurate and Plaintiff provides no support for their assertion.

The Moving Defendants have no involvement in the business located at the subject property, nor do they operate the business, relegate policies or procedures nor do they control payroll. Most importantly no documentation or factual allegation was made to establish under what premise the Moving Defendants, are "joint employers" or "employers."

Plaintiff's operative complaint fails to allege any factual information by which the Court can make a determination as to the applicability or truthfulness of the allegations in the Complaint. The FLSA does not provide a plaintiff with a remedy for unpaid contractual wages which exceed the statutory mandated minimum wage. See *Bolick v. Brevard County Sheriff's Dept.*, 937 F. Supp. 1560, 1568 (M.D. Fla. 1996) (explaining that "an employee cannot succeed on a claim under the FLSA if his average wage for a period in which he works no overtime exceeds minimum wage") (collecting cases). *McDaniel v. Trend Aviation LLC, Case No. 6:17-cv-00193-Orl-37KRS, * 4* (M.D. Fla. 2017). These issues simply do not relate to the Moving Defendants.

Plaintiff fails to allege over what time frame these issues occurred or the extent of the loss of wages. Instead the Plaintiff uses generic language without any factual basis. For instance Plaintiff states: "Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as exotic dancers/entertainers at any time during the three (3) years prior to the commencement of this action to present." See [ECF DOC. 1, ¶ 89]. Plaintiff fails to support her legal conclusions with factual allegations specific to Plaintiff's alleged experience with any Defendant.

"The express private right of action found in § 216(b) of the FLSA is limited in an important respect: It is available only when an employee is owed unpaid minimum wages, or unpaid overtime compensation as a result of a minimum-wage or overtime violation." *McDaniel v. Trend Aviation LLC, Case No. 6:17-cv-00193-Orl-37KRS, * 4* (M.D. Fla. 2017). Plaintiff has failed to allege what period of time AGUIAR allegedly worked at the subject property which

makes the operative pleading deficient of factual allegations required under Rule 8(a)(2), and the statements merely legal conclusions.

Under Federal Rule of Civil Procedure 8(a)(2), a "plausible" claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McDaniel, supra, at 4,* citing *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106 (2nd Cir. 2013) citing *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937; see also *Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Based on the Plaintiff's own allegations, "dancers/exotic dancers" that allegedly worked at the subject property at some time frame over the prior three years prior to the commencement of the underlying lawsuit, in no way establishes a nexus with the Moving Defendants.

Similarly, to *Lundy,* the instant action fails to state a claim for overtime compensation. "[T]o survive a motion to dismiss, [a plaintiff] must allege sufficient factual matter to state a plausible claim that [he] worked compensable overtime in a workweek longer than 40 hours." See *Lundy v. Catholic Health System of Long Island, Inc.,* 711 F.3d 106, 114 (2d Cir. 2013); *Davis v. Abington Mem'l Hosp.,* 765 F.3d 236, 241-42 (3d Cir. 2014) (same); *Hall v. DIRECTV, LLC,* 846 F.3d 757, 777 (4th Cir. 2017) (same); *Landers v. Quality Commc'ns, Inc.,* 771 F.3d 638, 644-45 (9th Cir. 2014) (same); *Pruell v. Caritas Christi,* 678 F.3d 10, 13 (1st Cir. 2012)(same).

"Determining whether a plausible claim has been pled is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679, 129 S.Ct. 1937. Reviewing Plaintiffs' allegations, as the District Court thoroughly did, we find no plausible claim that FLSA was violated, because Plaintiffs have not alleged a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours." See *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106 (2nd Cir. 2013).

In *Lundy*, the Court required more than mere allegations that Plaintiff ever worked in excess of forty hours in a workweek while employed by the Defendants in that case. As such, this Court should find that AGUIAR simply has not stated a plausible FLSA claim for unpaid overtime wages or unpaid minimum wages. Like *Lundy*, the Plaintiff fails to allege an actual timeframe or actual workweek which she worked 40 hours and also worked uncompensated time in excess of 40 hours. Like *Lundy*, Plaintiff alleges only legal conclusions, like the following:

> "Although Plaintiff and the FLSA Class Members are required to and do in fact frequently work more than forty (40) hours per workweek, they are not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek. In fact, they receive no compensation whatsoever from Defendants and thus, Defendants violate the minimum wage requirement of FLSA. See 29 U.S.C. § 206.

> [ECF Doc. 1 ¶ 69]

Plaintiffs have failed to sufficiently allege any week in which she worked uncompensated time in excess of 40 hours, and as a result has failed to establish a nexus by which Moving Defendants, M.J. PETER & ASSOC., INC., M.J. PETER CLUB MANAGEMENT, INC., MRG OF SOUTH FLORIDA, INC. and MICHAEL J PETER can be found liable under the FLSA.

## CONCLUSION AND REQUEST FOR RELIEF

For the foregoing reasons, the Moving Defendants, M.J. PETER & ASSOC., INC., a Florida corporation; M.J. PETER CLUB MANAGEMENT, INC., a Florida corporation; MRG OF SOUTH FLORIDA, INC. d/b/a SOLID GOLD GENTLEMEN'S CLUB, a Florida Limited Liability Company and MICHAEL J PETER, respectfully move this Court for an Order dismissing the Complaint against them, and for such other relief as the Court deems just and reasonable.

Respectfully submitted,

    /s/ Luke Lirot
Luke Lirot, Esquire
Florida Bar Number 714836
Luke Charles Lirot, P.A.
2240 Belleair Road, Suite 190
Clearwater, Florida 33764
Telephone: (727) 536-2100
Facsimile: (727) 536-2110
Email: luke2@lirotlaw.com
Alternate email addresses:
krista@lirotlaw.com
sean@lirotlaw.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 8, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties in this case.

    /s/Luke Lirot
Luke Lirot, Esquire
Florida Bar Number 714836