UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-60198-RAR

DAYANA AGUIAR, individually and
on behalf of all others similarly situated,

       Plaintiff,

v.

M.J. PETER & ASSOCIATES, INC., a
Florida corporation, *et al.*,

       Defendants.

_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** comes before the Court on Defendants M.J. Peter & Assoc., Inc., M.J. Peter Club Management, Inc., MRG of South Florida, Inc., and Michael Peter's (collectively, "Defendants") Amended Motion to Dismiss [ECF No. 47] ("Motion").  Plaintiff filed Opposition to Defendants' Motion to Dismiss [ECF No. 54] and Defendants filed a Reply [ECF No. 55]. Having reviewed the parties' submissions, the record, and being otherwise fully advised in the premises, it is

**ORDERED AND ADJUDGED** that Defendants' Motion [ECF No. 47] is **DENIED**.

On January 29, 2020, Plaintiff filed a putative class action Complaint under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") [ECF No. 1].  In their Motion to Dismiss, Defendants advance a number of arguments that attack the substance and merit of Plaintiff's Complaint, including faulting Plaintiff for failing to provide "support or substantiation" for her allegations of unpaid minimum wage and overtime compensation. *See* Mot. at 5.  For example, Defendants allege that they have no connection to the operation and management of the Club at

issue, played no role in hiring determinations, and had no control or ownership over the locality at issue.  But these are all factual questions that are not proper for resolution at the motion to dismiss stage.  *See, e.g., Torres v. Rock & River Food Inc.*, 244 F. Supp. 3d 1320, 1333 (S.D. Fla. 2016) (noting that questions of fact are appropriately resolved by a jury).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Plaintiff need only allege facts in the Complaint that, if taken as true, would support her claims under the FLSA.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In this case, Plaintiff claims that she was an employee covered by the FLSA who worked for Defendants, that Defendants failed to pay her minimum wages and time-and-a-half wages for her overtime hours, and that Defendants operate an enterprise engaged in interstate commerce as defined under the FLSA.  These allegations are sufficient under *Twombly* to state a claim under the FLSA.  *See, e.g., Blake v. Batmasian*, 191 F. Supp. 3d 1370, 1374 (S.D. Fla. 2016).  Accordingly, it is

**ORDERED AND ADJUDGED** that Defendants' Motion [ECF No. 47] is **DENIED**. Defendants are ordered to file an answer to the Complaint by no later than **August 19, 2020.**

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 11th day of August, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**